UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEONARDO BUCCHERI,

    Plaintiff,

v.

OSCAR AVILES, et al.,

    Defendants.

Civil Action No. 13-3692 (JLL)

**MEMORANDUM OPINION**

It appearing that:

1. Plaintiff Leonardo Buccheri ("Plaintiff"), incarcerated at East Jersey State Prison in Rahway, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Oscar Aviles. (ECF No. 1.)

2. Plaintiff alleges claims arising from a lockdown of Hudson County Correctional Center which occurred from January 2010 through May 2010. (ECF No. 1.) Plaintiff did not file his complaint until May 2013. (*Id.*)

3. On December 23, 2013, this Court entered an Opinion and Order dismissing the case as barred by the statute of limitations. (ECF Nos. 2-3.)

4. The Court noted that Plaintiff previously participated in a multi-plaintiff case raising these exact issues. *See McGeachy v. Aviles*, Civil Action No. 10-3562 (JLL). The Court split the original case into 28 separate matters, and designated Plaintiff as the plaintiff in one of those matters. *See Buccheri v. Aviles*, Civil Action No. 11-3001 (JLL). In his newly created case, Plaintiff was given thirty days to submit a complete *in forma pauperis* application and an amended complaint stating his own claims with regard to the lockdown. *Id.* at ECF No. 3. Plaintiff failed to do so.

5. After the Court dismissed the complaint in this as case as untimely, Plaintiff thereafter sought leave to file an amended complaint. (ECF Nos. 9, 10, 13.) Plaintiff argues that the

statute of limitations should be equitably tolled because he was "tricked by the Defendant(s) misconduct in their failure to deliver notice [of] Buccheri v. Aviles, Civil Action No. 11-3001…" (Pl.'s Mot. 1, ECF No. 10.) More specifically, Plaintiff alleges that he was confined at Hudson County Correctional Center until May 22, 2011 and if a copy of the Court decision in Civil Action No. 11-3001 had been delivered to him, there would be a record in the prison's log book. (Id.) Plaintiff argues that if the Court's decision was rendered after that date, he was "prevented from asserting his claims as a result of extraordinary circumstances" because Defendants failed to forward a copy of the decision to him at his new facility. (Id.)

6. As explained in this Court's previous Opinion and Order, New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *See Freeman v. State*, 788 A.2d 867 (N.J. Super. Ct. App. Div. 2002) (citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.*

7. When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other

2

extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Id.* at 370 n.9.

8. In order to be eligible for equitable tolling, a plaintiff must exercise "reasonable diligence in investigating and bringing [his or her] claims." *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir. 1997); *Villalobos v. Fava*, 342 N.J.Super. 38, 775 A.2d 700, 708 (2001).

9. In this case, even if the Court were to accept Plaintiff's assertion that he did not receive a copy of the Court's Opinion and Order in Civil Action No. 11-3001, Plaintiff did not exercise reasonable diligence. Upon his transfer from Hudson County Correctional Center, Plaintiff did not update the Court with his new address, in violation of the Local Civil Rules. In fact, when the Court mailed a copy of the Opinion and Order in Civil Action No. 11-3001 to Plaintiff's last known address, it was returned as "undeliverable." Moreover, Plaintiff did not take any other action to inquire as to the status of the case until he filed the instant action two years later.

10. As a result of his failure to exercise reasonable diligence, Plaintiff is not entitled to equitable tolling and the amended complaint will be dismissed as timebarred.

11. A district court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio–Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). However, in this case, the Court will not grant Plaintiff leave to file a second amended complaint because further amendment would be futile; it is apparent from the face of the complaint that the claims are timebarred and despite being given an opportunity to do so, Plaintiff has failed to allege any valid grounds for tolling.

11. An appropriate order follows.

Dated: 10/23/14

/s/ Jose L. Linares

Jose L. Linares, U.S.D.J.